IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RUFUS DARWIN McFADDEN**                                                                    **PLAINTIFF**

**VS.**                                                               **CIVIL ACTION: 1:15cv374-RHW**

**MARSHALL FISHER,** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is [27], Defendants' August 19, 2016 motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit. Plaintiff filed no response to the motion, and the matter is ripe for ruling. The parties consented to the exercise of jurisdiction by the U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all purposes. [23], [25]

### Facts and Procedural History

Rufus Darwin McFadden, inmate # 104303, is a Mississippi Department of Corrections (MDOC) inmate, confined at South Mississippi Correctional Institution (SMCI) where he is serving a life sentence for conviction of murder from Leake County, Mississippi. McFadden, *pro se* and *in forma pauperis*, filed this prisoner civil rights lawsuit on November 12, 2015,[1] complaining that various corrections officers required him to return to his housing unit without eating in September 2015, because he refused to obey a prison rule requiring inmates to keep their hands behind their backs while walking from housing to the dining hall at SMCI. Specifically, McFadden states he was sent back to his housing unit without receiving lunch and dinner on September 6, and lunch on September 7. He complains that less food was available at

---

[1]McFadden dated his complaint November 4, 2015; it was received and filed by the clerk November 12, 2015.

dinner on September 10, so he refused to eat, and that he was again sent back to housing without receiving lunch on September 16. On April 21, 2016 the Court conducted a *Spears*/omnibus hearing, during which McFadden testified Captain Regina Reed sent him back to housing without lunch September 6, and advised on September 10 that they had available only beans, bread and sweet potatoes, which McFadden refused to accept; Faytonia Johnson sent him back to housing without dinner on September 6 and without lunch on September 7; and Anthony Beasley sent him back to housing without lunch on September 16, 2015.

Defendants seek summary judgment on grounds that McFadden failed to exhaust his administrative remedies prior to filing suit. In support of their motion, Defendants present the August 18, 2016 affidavit of Richard Pennington, Director of the Administrative Remedy Program (ARP) for the MDOC. The affidavit concedes that McFadden submitted "sensitive issue" grievances to ARP in September 2015 alleging denial of food,[2] and that Pennington sent McFadden letters on September 21 and 24, 2015, advising him his grievances were denied as "sensitive issue" matters, and that he had five (5) days to submit them as regular ARP grievances. McFadden attached copies of both these letters to his complaint. [1-2] Pennington's affidavit states there is no record that McFadden ever re-submitted the grievances, or that he ever completed both steps of the ARP process as to any complaint regarding denial of food at SMCI.

## Summary Judgment Standard

Rule 56, FED.R.CIV.P., requires that a motion for summary judgment be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled

---

[2]McFadden attached to his complaint copies of "sensitive issue" ARPs he alleged filed complaining that he was denied the right to eat on September 6-7, 2015 [1-1, pp. 1-2]; that he was denied sufficient food for a meal on September 10, 2016 [1-1, p. 3]; and that SMCI staff withheld food from inmates as a form of punishment on September 16, 2015 [1-1, pp. 4-5].

to a judgment as a matter of law." A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005). The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

One seeking summary judgment must identify those portions of the pleadings and discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. If the movant fails to show the absence of a genuine issue concerning any material fact, summary judgment must be denied, even if the non-movant has not responded to the motion. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). However, once the movant carries his burden, the burden shifts to the non-movant to show summary judgment should not be granted. The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which show the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife*

*Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

## Law and Analysis

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006)(holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed.Appx. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement – the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

McFadden was admittedly an MDOC inmate at all times pertinent to this action, and it is beyond dispute that the MDOC has a an administrative remedy procedure (ARP) to address

inmates' grievances.  The ARP consists of two steps, both of which must be completed to effect exhaustion of administrative remedies.  The two-step ARP process of the MDOC begins when the inmate submits his written grievance to the prison's legal claims adjudicator within 30 days of the incident of which he complains.  The adjudicator screens the grievance and determines whether to accept it into the ARP process; if accepted, the grievance is forwarded to the appropriate official for a First Step Response.  *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. 2013).  If the inmate is dissatisfied with the First Step Response, he may continue to the second step by completing the appropriate ARP form and sending it to the legal claims adjudicator.  The Superintendent, Warden or Community Corrections Director issues the final ruling (the Second Step Response).  If the inmate remains unsatisfied, he may then file suit in court.  In the case at bar, McFadden submitted "sensitive issue" grievances which were rejected, and the MDOC has no record that McFadden ever re-submitted them as regular ARP grievances.  To exhaust available remedies, an inmate must pursue grievances after they are denied as "sensitive issue" complaints.  *Greenwood v. King*, 2010 WL 3239177, at *2 (S.D. Miss. Aug. 13, 2010) (plaintiff failed to exhaust administrative remedies by not filing his complaint as a normal grievance after it was rejected as a "sensitive issue").  Even if McFadden had re-submitted his grievances, nothing indicates he ever proceeded through the second step of the ARP process.

       The Prison Litigation Reform Act (PLRA) requires exhaustion of available remedies prior to filing suit under 42 U.S.C. § 1983.  *Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529, 531 (5th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001)).  As the Court stated in *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015):

> Section 1997e's exhaustion requirement is satisfied only if the prisoner "pursue[s] the grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This requirement does not fall by the wayside in the event that the prison fails to respond to the prisoner's grievance at some preliminary step in the grievance process.  Instead, the prison's failure to timely respond simply entitles

>
> the prisoner to move on to the next step in the process.  Thus it is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance.  This is true both under the terms of the program ... and as a matter of the law of this circuit.

(emphasis in original, citations omitted).  Because the evidence before the Court shows McFadden never completed the ARP process, requiring dismissal of this case, the Court need not address Defendants' alternative grounds for summary judgment.  It is therefore,

**ORDERED AND ADJUDGED**, that Defendant's motion for summary judgment is granted, and this case is dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit.  A separate judgment will be entered.

**SO ORDERED**, this the 9th day of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE